UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

DAVID MITCHELL,

        Petitioner,

  -against-                            03 Civ. 3303 (KMW)(RLE)

THE PEOPLE OF NEW YORK                   ORDER

        Respondent.

----------------------------------------X
WOOD, U.S.D.J.:

     Pro se Petitioner seeks a writ of habeas corpus pursuant to
28 U.S.C. § 2254. On November 4, 1998, Petitioner pled guilty to
one count of criminal possession of a controlled substance in the
third degree in New York State Supreme Court, New York County.
Petitioner alleges that his constitutional rights were violated
because (1) at a suppression hearing, the trial court prevented
his counsel from impeaching a defense witness and then refused to
admit the impeachment material as evidence; and (2) when
Petitioner waived his right to appeal upon pleading guilty, he
did not understand that the waiver encompassed all aspects of his
case. By report and recommendation dated September 7, 2007 (the
"Report"), Magistrate Judge Ronald L. Ellis recommended that the
Court dismiss Petitioner's habeas petition.

     The Report informed the parties that, pursuant to 28 U.S.C.
§ 636(b)(1) and Rule 72(b), in conjunction with Rules 6(a) and
6(e), of the Federal Rules of Civil Procedure, they had ten days

from service of the Report to serve and file any objections. The Report explicitly cautioned that failure to file timely objections would preclude appellate review.

No objections have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object," id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). Furthermore, the Court has reviewed the Report, and finds it free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In particular, the Court notes that the New York Appellate Decision's holding that Petitioner validly waived his appeal rights is neither contrary to nor an unreasonable application of federal law. See 28 U.S.C. 2254(d)(1); Nicholas v. Smith, No. 02 CV 64112007, 2007 WL 1213417, at *9-11 (E.D.N.Y. Apr. 24, 2007). The Court therefore accepts and adopts the Report.

Accordingly, the Court denies the petition for habeas corpus. The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated:     New York, New York
           November 5, 2007

_____

Kimba M. Wood
United States District Judge

3